Argued and submitted March 30, affirmed June 17, 1998

Carmesha NEAL,
*Appellant,*

*v.*

Shalonda JOHNSON,
*Defendant,*

*and*

ENTERPRISE RENT-A-CAR COMPANY
OF OREGON,
*Intervenor-Defendant-Respondent.*

(9601-00563; CA A94210)

962 P2d 706

Willard E. Merkel argued the cause for appellant. With him on the briefs was Popick & Merkel.

Michael J. Gentry argued the cause for respondent. With him on the brief was Tooze Shenker Duden Creamer Frank & Hutchison.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals from a summary judgment entered in favor of intervenor-defendant Enterprise Rent-A-Car (Enterprise). Enterprise rented a car to Mr. White, and at the same time sold White a damage waiver and insurance covering certain personal injuries. White declined Enterprise's offer of liability insurance. Plaintiff was injured while defendant Johnson was driving the car that Enterprise had rented to White. On appeal, plaintiff argues that the trial court erred in entering judgment in favor of Enterprise because Enterprise was obliged to provide liability insurance on the rented car pursuant to the financial responsibility law, ORS 806.080. Plaintiff asserts that our decision in *Farmers Ins. Co. v. Snappy Car Rental*, 128 Or App 516, 876 P2d 833, *rev den* 319 Or 625 (1994), supports her position.

We reject plaintiff's argument. Her position is based on her unsupported assertion that Johnson was a permissive user of the car White had rented from Enterprise. *See* ORS 806.080(1)(b) (policy must cover "all persons who, with the consent of the named insured, use the motor vehicle"). However, on summary judgment, Enterprise presented evidence that Johnson did not have White's permission to use the car, and plaintiff offered no contradictory evidence on that point. The trial court properly granted Enterprise's motion for summary judgment.

Affirmed.